COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bumgardner and Senior Judge Overton
Argued at Richmond, Virginia


WILLIAM MacDONALD TERRY

                                    MEMORANDUM OPINION* BY
v.    Record No. 0716-99-2          JUDGE JERE M. H. WILLIS, JR.
                                         MAY 9, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                     James B. Wilkinson, Judge

            Patricia P. Nagel, Assistant Public Defender
            (David J. Johnson, Public Defender, on
            brief), for appellant.

            Stephen R. McCullough, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     On appeal from his convictions of aggravated malicious

wounding, in violation of Code § 18.2-51.2, and use of a firearm

in the commission of aggravated malicious wounding, in violation

of Code § 18.2-53.1, William MacDonald Terry contends that the

evidence was insufficient to support the convictions.  We

affirm.

     On November 7, 1998, Terry shot Eric Everett.  The bullet

lodged in Everett's back, resting against his spinal cord.

Everett has a scar on his abdomen running from his chest to his

navel.  The trial court convicted Terry of aggravated malicious

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

wounding and use of a firearm in the commission of a felony and sentenced him to a total of fifteen years imprisonment, with five years suspended.

Conceding that the evidence was sufficient to convict him of malicious wounding, Terry contends that the evidence was insufficient to sustain his conviction of aggravated malicious wounding, because the elements of aggravated malicious wounding include imposition of "a permanent and significant physical impairment."  Code § 18.2-51.2.  See Newton v. Commonwealth, 21 Va. App. 86, 90, 462 S.E.2d 117, 119 (1995).  "Where the sufficiency of the evidence is challenged after conviction, it is our duty to consider it in the light most favorable to the Commonwealth and give it all reasonable inferences fairly deducible therefrom.  We should affirm the judgment unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it."  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

The indictment, tracking the language of Code § 18.2-51.2, charged that Terry

> did feloniously and unlawfully and
> maliciously shoot, stab, cut, or wound, or
> cause bodily injury to Eric Everett, with
> intent to maim, disfigure, disable, or kill,
> where the victim was thereby severely
> injured and was caused to suffer permanent
> and significant physical impairment.

The scar on Everett's stomach was still clearly visible at trial, three months after surgery required by the shooting.  The

-

bullet, lodged against Everett's spinal cord, had not been removed and may never be removed. Due to the location of the bullet, doctors forbade Everett to lift any weight heavier than five pounds, thereby limiting his ability to find work and to live normally. The position of the bullet threatens Everett with the possibility of paralysis. He testified that he is in constant pain.

Terry argues that Everett's testimony that he hoped to undergo surgery that would permit him to return to normal proved that his injuries were neither permanent nor significant. However, after viewing Everett's scar and hearing evidence concerning his medical condition, the trial court determined that the severity of the wound, the size and character of the scar, the placement of the bullet and the associated risks, and the resulting restrictions on Everett's activities proved that he had suffered a "permanent and significant physical impairment." The evidence supports this finding.

The judgment of the trial court is affirmed.

Affirmed.